UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANTAE HOGAN, | No. 2:15-cv-01933-KJM-KJN |
| Plaintiff, | |
| v. | ORDER |
| CITY OF SACRAMENTO, et al., | |
| Defendants. | |

This matter is before the court on a motion to withdraw as attorney by counsel for plaintiff Diantae Hogan. Mot., ECF No. 13. The motion is unopposed. As explained below, the motion is GRANTED.

I.  LEGAL STANDARD

The local rules of this district require an attorney who would withdraw and leave his or her client without representation to obtain leave of the court upon a noticed motion. E.D. Cal. L.R. 182(d). Local Rule 182(d) also requires an attorney to provide notice to the client and all other parties who have appeared, and an affidavit stating the current or last known address of the client. Finally, to comply with Local Rule 182(d), the attorney must conform to the requirements of the California Rules of Professional Conduct. *Id.* California Rule of Professional Conduct 3-700 provides several grounds upon which an attorney may seek to

1

withdraw, including where "[t]he client knowingly and freely assents to termination of the employment," Cal. R. Prof. Conduct 3-700(C)(5), and where client's conduct has "render[ed] it unreasonably difficult for the member to carry out the employment effectively," Cal. R. Prof. Conduct 3-700(C)(1)(d).

The decision to grant or deny a motion to withdraw is within the court's discretion. *McNally v. Eye Dog Found. for the Blind, Inc.*, No. 09-01184, 2011 WL 1087117, at *1 (E.D. Cal. Mar. 24, 2011) (citation omitted). District courts in this circuit have considered several factors when evaluating a motion to withdraw, including the reason for withdrawal, prejudice to the client, prejudice to the other litigants, harm to the administration of justice, and possible delay. *See Deal v. Countrywide Home Loans*, No. 09-01643, 2010 WL 3702459, at *2 (N.D. Cal. Sept. 15, 2010); *CE Res., Inc. v. Magellan Group, LLC*, No. 08-02999, 2009 WL 3367489, at *2 (E.D. Cal. Oct. 14, 2009); *Beard v. Shuttermart of Cal., Inc.*, No. 07-594, 2008 WL 410694, at *2 (S.D. Cal. Feb. 13, 2008).

II. DISCUSSION

Good cause exists for counsel's motion because plaintiff has "repeatedly failed to maintain regular communications." Mot. at 3; *see* Am. Ward Decl. ¶¶ 11, 12, ECF No. 13-1. As a result counsel have been unable to prosecute the matter or provide timely responses to defendants. Mot. at 3. Second, after reviewing discovery issues, counsel and plaintiff have "reached an impasse based on irreconcilable differences on prosecuting this case further." *Id.*; *see also* Am. Ward Decl. ¶ 4. The attorney-client relationship cannot be maintained where there is an irremediable breakdown in communication between plaintiff and counsel such that counsel can no longer effectively represent plaintiff. *See United Fabrics Int'l, Inc. v. Life N Style Fashions Inc.*, No. 15-05733, 2016 WL 4208425, at *2 (C.D. Cal. Aug. 9, 2016) (the attorney-client relationship is irreparably broken where the client refuses to provide necessary information in the course of the representation); *McNally v. Eye Dog Found. For Blind, Inc.*, 2010 WL 1687657, at *1–2 (E.D. Cal. Apr. 26, 2010) (withdrawal by counsel allowed where irreconcilable differences have arisen between counsel and client, and where client has not paid attorney's fees). Counsel has provided complete contact information for plaintiff, and served advance written and

verbal notice to plaintiff.  Am. Ward Decl. ¶¶ 5, 8, 10.  Plaintiff has not responded or filed any objection with the court.

Given that good cause exists, the court next determines whether there is a risk of prejudice to plaintiff if the motion is granted.  Here, counsel avers that he and plaintiff agreed that another attorney would be better suited for this case.  Am. Ward Decl. ¶ 5.  In addition, counsel has provided plaintiff with notice of the motion and with time to find new counsel.  *Id.* ¶ 6.  Moreover, this litigation is in its early stages with no dispositive motions filed as of the date of this order, and with discovery still open until October 14, 2016.  Pretrial Sched. Order, ECF No. 11.  The court finds the risk of prejudice to plaintiff is minimal if the motion is granted.

Because no opposition has been filed, and the litigation is in its early stages, there is also no prejudice to the other litigants, no harm to the administration of justice, and no other delay.  Any new counsel for plaintiff will have sufficient time to get up to speed.  Should no new counsel be found, plaintiff may proceed pro se, an issue that counsel raised with plaintiff prior to the filing this motion.  Am. Ward Decl. ¶ 7.

For the foregoing reasons, the motion to withdraw is granted.

III.     CONCLUSION

The motion to withdraw is GRANTED.  The hearing on the motion vacated.  The Clerk of Court is directed to serve this order on plaintiff at the address provided by counsel: 1530 Fulton Avenue, #53, Sacramento, California 95825.  As plaintiff is now pro se, the case is referred to the assigned magistrate judge for future proceedings under Local Rule 302(c)(21).

This order resolves ECF No. 13.

IT IS SO ORDERED.

DATED:  August 25, 2016.

_____
UNITED STATES DISTRICT JUDGE