UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANTAE HOGAN, | No.  2:15-cv-1933-KJM-KJN PS |
| Plaintiff, | |
| v. | ORDER AND |
| CITY OF SACRAMENTO, et al., | ORDER TO SHOW CAUSE |
| Defendants. | |

On September 11, 2015, plaintiff Diantae Hogan, who was initially represented by counsel, commenced this action against defendants the City of Sacramento and officers Joseph Maydan and Daniel Piaz, alleging claims for, *inter alia*, excessive force in violation of the Fourth Amendment pursuant to 42 U.S.C. § 1983, negligence, and battery.  (ECF No. 1.)  All defendants ultimately answered the complaint.  (ECF Nos. 5, 10.)

Subsequently, on February 3, 2016, the assigned district judge, Judge Mueller, issued a pretrial scheduling order providing that all discovery shall be completed by October 14, 2016; dispositive motions shall be heard no later than November 18, 2016; and setting a final pretrial conference and trial before Judge Mueller on April 21, 2017, and June 5, 2017, respectively.  (ECF No. 11.)

1

Thereafter, on August 25, 2016, Judge Mueller granted plaintiff's counsel's unopposed motion to withdraw based on a breakdown in communications, and irreconcilable differences about the prosecution of this case, between plaintiff and plaintiff's counsel. (ECF No. 16.) Because plaintiff was left to proceed without counsel, the case was referred to the undersigned as the assigned magistrate judge for future proceedings under Local Rule 302(c)(21). (Id.)

On December 15, 2016, the court issued an order setting a status conference in this matter for January 19, 2017. (ECF No. 17.) In that order, the court noted that, because Judge Mueller's August 25, 2016 order did not vacate the operative scheduling order, and neither party requested a continuance of the scheduling order, the time for discovery and dispositive motion practice has already passed. The only operative dates that remain are for the final pretrial conference and trial, which remain set before Judge Mueller. Nevertheless, because neither plaintiff nor defendants made any filing with the court since plaintiff's counsel was permitted to withdraw, it was unclear whether plaintiff intends to proceed to trial without counsel, whether plaintiff is attempting to locate counsel for purposes of trial, and/or whether the parties are amenable to conducting a settlement conference prior to trial.

As such, the court found it appropriate to schedule the January 19, 2017 status conference and order the parties, no later than January 12, 2017, to file a joint status report addressing the following issues:

(a) Whether plaintiff intends to continue prosecuting this case;

(b) If plaintiff intends to continue prosecuting this case, whether plaintiff intends to proceed to trial with or without counsel, and if with counsel, the status of plaintiff's efforts to obtain counsel;

(c) Whether the parties are amenable to a settlement conference before trial; and

(d) Whether or not the dates of the final pretrial conference and trial before Judge Mueller should potentially be continued.

(ECF No. 17.) The parties were specifically cautioned that failure to meaningfully participate in the preparation of the joint status report and/or failure to appear at the status conference may result in the imposition of sanctions, including dismissal of the action pursuant to Federal Rule of

1 | Civil Procedure 41(b).  (Id.)

2 |     Subsequently, on January 12, 2017, defendants filed their own status report.  (ECF No.
3 | 18.)  The status report indicated that defendants' efforts to contact plaintiff to collaborate on the
4 | drafting of a joint status report were unsuccessful.  According to defendants, plaintiff has not
5 | notified them whether he intends to further prosecute the case, or whether he has made any efforts
6 | to retain substitute counsel, but defendants posit that plaintiff's failure to communicate with
7 | defendants' counsel in response to the court's order suggests that plaintiff does not intend to
8 | further prosecute this case.  Defendants further indicated that they have no interest in participating
9 | in a settlement conference, and that they are prepared to proceed with the current dates for a
10 | pretrial conference and trial before Judge Mueller.

11 |     Plaintiff failed to file a status report, and failed to seek an extension of time to file a status
12 | report.

13 |     At the January 19, 2017 status conference, attorney Sean Richmond appeared on behalf of
14 | defendants, and plaintiff failed to appear.  Upon questioning by the court, Mr. Richmond affirmed
15 | that his repeated attempts to communicate with plaintiff have been unsuccessful.

16 |     In light of the above, the court has considered whether the action should be dismissed at
17 | this juncture.  Nevertheless, in light of plaintiff's *pro se* status, and out of abundance of caution,
18 | the court finds it appropriate to first attempt less drastic measures by imposing monetary
19 | sanctions and issuing an order to show cause.

20 |     Finally, at the status conference, defendants and the court discussed whether the presently
21 | scheduled final pretrial conference and trial dates before Judge Mueller should be vacated.
22 | However, because the undersigned is not authorized to modify Judge Mueller's scheduling order
23 | (see ECF No. 11 at 2), any request to vacate the final pretrial conference and trial dates should be
24 | directed to Judge Mueller.

25 |     Accordingly, IT IS HEREBY ORDERED that:

26 | 1. Within 21 days of this order, plaintiff shall pay to the Clerk of Court $250 in monetary
27 |     sanctions based on his failure to appear at the status conference, failure to comply with
28 |     court orders, and failure to prosecute the case.

2. Within 21 days of this order, plaintiff shall show cause in writing why this action should not be dismissed based on plaintiff's failure to appear at the status conference, failure to comply with court orders, and failure to prosecute the case.

3. Failure to timely comply with all the provisions of this order will result in a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

Dated:  January 20, 2017

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE