UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANTAE HOGAN, | No. 2:15-cv-1933-KJM-KJN PS |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| CITY OF SACRAMENTO, et al., | |
| Defendants. | |

On September 11, 2015, plaintiff Diantae Hogan, who was initially represented by counsel, commenced this action against defendants the City of Sacramento and officers Joseph Maydan and Daniel Piaz, alleging claims for, *inter alia*, excessive force in violation of the Fourth Amendment pursuant to 42 U.S.C. § 1983, negligence, and battery. (ECF No. 1.) All defendants ultimately answered the complaint. (ECF Nos. 5, 10.)

On February 3, 2016, the assigned district judge, Judge Mueller, issued a pretrial scheduling order providing that all discovery shall be completed by October 14, 2016; dispositive motions shall be heard no later than November 18, 2016; and setting a final pretrial conference and trial before Judge Mueller on April 21, 2017, and June 5, 2017, respectively. (ECF No. 11.)

Thereafter, on August 25, 2016, Judge Mueller granted plaintiff's counsel's unopposed motion to withdraw based on a breakdown in communications, and irreconcilable differences

1

about the prosecution of this case, between plaintiff and plaintiff's counsel.  (ECF No. 16.) Because plaintiff was left to proceed without counsel, the case was referred to the undersigned as the assigned magistrate judge for future proceedings under Local Rule 302(c)(21).  (Id.)

On December 15, 2016, the court issued an order setting a status conference in this matter for January 19, 2017.  (ECF No. 17.)  In that order, the court noted that, because Judge Mueller's August 25, 2016 order did not vacate the operative scheduling order, and neither party requested a continuance of the scheduling order, the time for discovery and dispositive motion practice had already passed.  The only operative dates that remained were for the final pretrial conference and trial, which remained set before Judge Mueller.  Nevertheless, because neither plaintiff nor defendants made any filing with the court since plaintiff's counsel was permitted to withdraw, it was unclear whether plaintiff intended to proceed to trial without counsel, whether plaintiff was attempting to locate counsel for purposes of trial, and/or whether the parties were amenable to conducting a settlement conference prior to trial.

As such, the court found it appropriate to schedule the January 19, 2017 status conference and order the parties, no later than January 12, 2017, to file a joint status report addressing the following issues:

> (a)  Whether plaintiff intended to continue prosecuting this case;
> 
> (b)  If plaintiff intended to continue prosecuting this case, whether plaintiff intended to proceed to trial with or without counsel, and if with counsel, the status of plaintiff's efforts to obtain counsel;
> 
> (c)  Whether the parties were amenable to a settlement conference before trial; and
> 
> (d)  Whether or not the dates of the final pretrial conference and trial before Judge Mueller should potentially be continued.

(ECF No. 17.)  The parties were specifically cautioned that failure to meaningfully participate in the preparation of the joint status report and/or failure to appear at the status conference may result in the imposition of sanctions, including dismissal of the action pursuant to Federal Rule of Civil Procedure 41(b).  (Id.)

////

Subsequently, on January 12, 2017, defendants filed their own status report. (ECF No. 18.) The status report indicated that defendants' efforts to contact plaintiff to collaborate on the drafting of a joint status report were unsuccessful. According to defendants, plaintiff did not notify them whether he intended to further prosecute the case, or whether he had made any efforts to retain substitute counsel, but defendants posited that plaintiff's failure to communicate with defendants' counsel in response to the court's order suggested that plaintiff did not intend to further prosecute this case. Defendants further indicated that they had no interest in participating in a settlement conference, and that they were prepared to proceed to trial on the scheduled dates.

Plaintiff failed to file a status report, and failed to seek an extension of time to file a status report.

At the January 19, 2017 status conference, attorney Sean Richmond appeared on behalf of defendants, and plaintiff failed to appear. Upon questioning by the court, Mr. Richmond affirmed that his repeated attempts to communicate with plaintiff had been unsuccessful.

In light of the above, the court considered whether the action should be dismissed. Nevertheless, in light of plaintiff's *pro se* status, and out of abundance of caution, the court found it appropriate to first attempt less drastic measures by imposing monetary sanctions and issuing an order to show cause. Therefore, on January 20, 2017, the court issued an order directing plaintiff, within 21 days, to: (1) pay to the Clerk of Court $250 in monetary sanctions based on his failure to appear at the status conference, failure to comply with court orders, and failure to prosecute the case; and (2) show cause in writing why this action should not be dismissed based on plaintiff's failure to appear at the status conference, failure to comply with court orders, and failure to prosecute the case. (ECF No. 20.) The order expressly cautioned plaintiff that failure to timely comply with all the provisions of the order would result in a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b). (Id.)

Although the applicable deadline has now passed, plaintiff failed to pay the monetary sanctions imposed and failed to respond to the court's order to show cause.[1] As such, the court

---

[1] The court's records show that the court's January 20, 2017 order was returned to the court as undeliverable. Nevertheless, it is plaintiff's duty to keep the court informed of his current

concludes that dismissal is warranted at this juncture.

A court must weigh five factors in determining whether to dismiss a case for failure to prosecute, failure to comply with a court order, or failure to comply with a district court's local rules. See, e.g., Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992). Specifically, the court must consider:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.

Id. at 1260-61; accord Pagtalunan v. Galaza, 291 F.3d 639, 642-43 (9th Cir. 2002); Ghazali, 46 F.3d at 53. The Ninth Circuit Court of Appeals has stated that "[t]hese factors are not a series of conditions precedent before the judge can do anything, but a way for a district judge to think about what to do." In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006).

Here, the first two Ferdik factors strongly support dismissal, because plaintiff has repeatedly failed to comply with court orders and appears to have effectively abandoned the case. The third Ferdik factor likewise supports dismissal, because, at a minimum, plaintiff's failure to prosecute the case has unduly delayed defendants from obtaining a resolution on the merits. With respect to the fifth Ferdik factor, the court has already attempted less drastic alternatives by first imposing monetary sanctions and issuing an order to show cause, and clearly warning plaintiff regarding the potential consequences of failing to comply with court orders. Nevertheless, plaintiff entirely failed to respond to such less drastic alternatives, and did not even request an extension to comply. As such, the fifth Ferdik factor also supports dismissal. Finally, as to the fourth Ferdik factor, although the court is cognizant of public policy favoring a resolution on the merits, and would prefer to resolve this case on its merits, that factor is clearly outweighed by the

---

address, and service of the court's orders at the address on record was effective absent the filing of a notice of change of address. In relevant part, Local Rule 182(f) provides: "Each appearing attorney and pro se party is under a continuing duty to notify the Clerk and all other parties of any change of address or telephone number of the attorney or the pro se party. Absent such notice, service of documents at the prior address of the attorney or pro se party shall be fully effective."

1 | other <u>Ferdik</u> factors.  Indeed, it is plaintiff's own conduct that precludes a resolution on the
2 | merits.
3 |      In sum, after carefully evaluating and weighing the applicable factors, the court concludes
4 | that the action should be dismissed.
5 |      Accordingly, IT IS HEREBY RECOMMENDED that:
6 |     1. The action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure
7 |        41(b).
8 |     2. The Clerk of Court be directed to close this case.
9 |      These findings and recommendations are submitted to the United States District Judge
10 | assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14)
11 | days after being served with these findings and recommendations, any party may file written
12 | objections with the court and serve a copy on all parties.  Such a document should be captioned
13 | "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
14 | shall be served on all parties and filed with the court within fourteen (14) days after service of the
15 | objections.  The parties are advised that failure to file objections within the specified time may
16 | waive the right to appeal the District Court's order.  <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th
17 | Cir. 1998); <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1156-57 (9th Cir. 1991).
18 |      IT IS SO RECOMMENDED.
19 | Dated:  February 17, 2017

*/s/ Kendall J. Newman*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE